IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Case Number: 5:20-cv-00147

REPUBLIC TECHNOLOGIES (NA), LLC
and REPUBLIC TOBACCO LP

       Plaintiffs,

v.

AWV INC. d/b/a TOBACCO STATION USA,

       Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

The Plaintiffs, REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO LP, by and through their undersigned counsel, hereby file this Complaint against the Defendant, AWV INC. d/b/a TOBACCO STATION USA, and allege, as follows:

**Jurisdictional Allegations**

1. This is a civil action against the Defendant for trademark infringement and false designation of origin/unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement and false designation of origin/unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over the Defendant because AWV INC. is incorporated in and has its principal place of business in Texas and the Defendant regularly conducts and solicits business in the State of Texas (including in this Judicial District).

## Venue

4.     Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Defendant resides in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, the Defendant is subject to personal jurisdiction in this Judicial District with respect to this action, and there is no other district in which the action may otherwise be brought.

## Parties

5.     REPUBLIC TOBACCO, LP (hereinafter referred to as "REPUBLIC TOBACCO") is a Delaware limited liability company and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois, 60025.

6.     REPUBLIC TECHNOLOGIES (NA), LLC (hereinafter referred to as "REPUBLIC TECHNOLOGIES") is a Delaware limited liability company and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois, 60025.

7.     AWV INC. is incorporated in Texas, and has its principal place of business at 4434 W. 7th Street, Wake Village TX 75501.  AWV INC. has engaged in the offer for sale of counterfeit JOB branded cigarette papers.

## Facts Common to All Counts

8.     REPUBLIC TECHNOLOGIES owns numerous federal trademark registrations for use in connection with JOB-brand cigarette rolling papers, including the following federal trademark registrations:

   a. U.S. Trademark Registration Number 0,073,124 for the word mark "JOB" in association with goods further identified in registration in international class 034 for cigarette papers.

    b. U.S. Trademark Registration Number 1,341,384 for the design plus word mark "JOB" and its logo pictured below in association with goods further identified in the registration in international classes 034 for cigarette papers.



    c. U.S. Trademark Registration Number 4,019,091 for the design plus word mark "JOB" and its logo pictured below in association with goods further identified in the registration in international classes 034 for cigarette papers.



    d. U.S. Trademark Registration Number 4,019,093 for the design plus word mark "JOB" and its logo pictured below in association with goods further identified in the registration in international classes 034 for cigarette papers.



9. REPUBLIC TOBACCO, LP is the owner of U.S. Trademark Registration Number 3,093,272 for the word mark "ROLL WITH THE BEST" in association with goods further identified in registration in international class 034 for cigarette papers. (All of the trademarks referenced in this case shall be referred to collectively as the "JOB Trademarks").

10. A copy of the USPTO Registrations for the JOB Trademarks is attached hereto as Exhibit "A."

11. U.S. Registration Nos. 0,073,124; 1,341,384; 4,019,091; and 4,019,093, each owned by REPUBLIC TECHNOLOGIES, and U.S. Registration No. 3,093,272, owned by REPUBLIC TOBACCO LP, have become incontestable within the meaning of 15 U.S.C. §§ 1065

and 1115(b).

12.     The PLAINTIFFS have also acquired significant common law rights in the JOB Trademarks for use with their goods.

13.     THE JOB Trademarks at issue in this case have been continuously used and have never been abandoned and the PLAINTIFFS use in the United States all the JOB Trademarks listed above on JOB branded cigarette papers.

14.     REPUBLIC TECHNOLOGIES through its exclusive, master distributor REPUBLIC TOBACCO, distributes JOB branded cigarette rolling papers to consumers across the United States, including in Texas, through wholesalers, retailers, convenience stores, gas station mini-marts, tobacco outlets, mass merchandisers, cash and carry outlets, and other retail locations.

15.     REPUBLIC TECHNOLOGIES and its predecessors have used the JOB Trademarks continuously for over 150 years in connection with cigarette rolling papers. By booklets, JOB-brand cigarette rolling papers are the longest-selling cigarette rolling papers in the United States.

16.     REPUBLIC TOBACCO is the exclusive U.S. licensee of the JOB Trademarks in connection with the distribution of JOB-branded products in the United States. In the past five years alone, REPUBLIC TOBACCO has sold tens of millions of dollars' worth of smoking tobacco and cigarette rolling papers under the marks it licenses and owns, including the JOB Trademarks. REPUBLIC TOBACCO's sale of smoking tobacco and cigarette papers under the JOB Trademarks and the goodwill associated therewith inures to the benefit of REPUBLIC TECHNOLOGIES.

17.     REPUBLIC TOBACCO promotes and advertises REPUBLIC TECHNOLOGIES' high-quality JOB branded products. For many years prior to the conduct of the Defendant alleged

herein, REPUBLIC TOBACCO and its predecessors devoted significant time, effort, and resources to marketing and promoting smoking tobacco and cigarette rolling papers under the JOB Trademarks.

18.	As a result of the use and extensive promotion of the JOB Trademarks in connection with tobacco and cigarette rolling papers, the JOB Trademarks have become well known and recognized by the public as identifying and distinguishing REPUBLIC TECHNOLOGIES' products. Accordingly, the integrity of the JOB Trademarks is extremely valuable to the PLAINTIFFS and is crucial to the continued vitality and growth of their business.

19.	JOB-brand products are manufactured and sourced exclusively for, and under the direction of, REPUBLIC TOBACCO, and such products are sold through REPUBLIC TOBACCO.

20.	JOB branded cigarette rolling papers are manufactured in France, and no legitimate JOB branded cigarette rolling papers are manufactured outside of France.

21.	Regrettably, the current U.S. marketplace is saturated with counterfeit JOB branded products – like those which the Defendant has offered for sale. As such, the Plaintiffs have been forced to enforce their rights in order to protect the JOB Trademarks against infringement.

22.	Due to the actions of the Defendant, and other like companies who sell counterfeit products, the Plaintiffs have had to bear great expense to seek out and investigate suspected counterfeiters in its attempt to clean up the marketplace.

**Defendant's Counterfeiting and Infringing Activities**

23.	The Defendant has, without consent of the Plaintiffs, previously offered to sell and sold into the United States commerce, cigarette papers bearing reproductions, counterfeits, copies

and/or colorable imitations of the JOB Trademarks that were not made or authorized by the Plaintiffs. (Hereinafter the "Counterfeit Good(s)").

24. The Defendant, has, without the consent of the Plaintiffs, continued to sell the Counterfeit Goods bearing the likeness of the JOB Trademarks in the United States.

25. The marks affixed to the Counterfeit Goods that the Defendant has offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the JOB Trademarks. The marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d).

26. On April 28, 2020, the Defendant offered for sale and sold Counterfeit Goods. Photos of the Defendant's offer for sale and subsequent sale of the counterfeit JOB products are attached hereto as Exhibit "B."

27. The photos in Exhibit "B" depict the Defendant's store and the Defendant's offer for sale and the sales receipt of the Counterfeit Goods. The date and times in the pictures are true and correct.

28. The Defendant's use of the counterfeit JOB Trademarks began long after the registration of the JOB Trademarks. The Plaintiffs nor any of their authorized agents have consented to the Defendant's use of the JOB Trademarks, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof.

29. The unauthorized sale by the Defendant of the Counterfeit Good(s) was an unlawful act in violation of the Lanham Act.

30. The sale by the Defendant of the Counterfeit Good(s) bearing the Plaintiffs' JOB trademarks has caused the Plaintiffs to suffer losses, and has caused damage to the goodwill and reputation associated with the JOB trademarks, which are owned by the Plaintiffs.

## Count One
## Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114

31. The Plaintiffs aver Paragraphs 1 through 30, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

32. The Plaintiffs own the federally registered JOB Trademarks, as set forth in more detail in the foregoing paragraphs.

33. The Defendant, without authorization from the Plaintiffs, has used in commerce spurious designations that are identical with, or substantially indistinguishable from, the JOB Trademarks on the same goods covered by the JOB Trademarks.

34. The Defendant's unauthorized use of counterfeit marks of the registered JOB Trademarks on and in connection with the Defendant's offer(s) for sale in commerce is likely to cause confusion or mistake in the minds of the public.

35. The Defendant's conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant, with the Plaintiffs or the JOB Trademarks.

36. The Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. The Defendant's actions constitute the use by the Defendant of one or more "counterfeit mark(s)" as defined in 15 U.S.C. § 1116(d)(1)(B).

38. The Defendant's use in commerce of the counterfeit JOB Trademarks has resulted in lost profits and business to the Plaintiffs which are difficult to determine, caused considerable damage to the goodwill of the JOB Trademarks, and diminished the brand recognition of the JOB Trademarks by introducing counterfeit products into the marketplace.

39. By reason of the foregoing, the Plaintiffs are entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## Count Two
## Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

40. The Plaintiffs aver Paragraphs 1 through 30, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

41. The Plaintiffs owns the federally registered JOB Trademarks, as set forth in more detail in the foregoing paragraphs.

42. The Defendant, without authorization from the Plaintiffs, has used in commerce spurious designations that are identical with, or substantially indistinguishable from, the JOB Trademarks on the same goods covered by the JOB Trademarks.

43. The Defendant's unauthorized use of counterfeit marks of the registered JOB Trademarks on and in connection with the Defendant's offers for sale in commerce is likely to cause confusion or mistake in the minds of the public.

44. The Defendant's unauthorized use in commerce of the JOB Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. The Defendant's conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant, with the Plaintiffs or the JOB Trademarks.

46. The Defendant's conduct as alleged herein is causing immediate and irreparable

harm and injury to the Plaintiffs, and to the goodwill and reputation of the JOB Trademarks, and will continue to both damage the Plaintiffs and confuse the public unless enjoined by this Court. The Plaintiffs have no adequate remedy at law.

47. By reason of the foregoing, the Plaintiffs are entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, REPUBLIC TECHNOLOGIES (NA), LLC. and REPUBLIC TOBACCO LP, respectfully requests the following relief against the Defendant as follows:

1. With regard to Plaintiffs' Count I for trademark infringement:

    a. Actual damages or statutory damages under 15 U.S.C. § 1117;

    b. Treble damages under 15 U.S.C. § 1117(b); and

    c. Costs of suit;

2. With regard to Plaintiffs' Count II for false designation and unfair competition:

    a. Actual damages or statutory damages under 15 U.S.C. § 1117;

    b. Treble damages under 15 U.S.C. § 1117(b); and

    c. Costs of suit;

3. Preliminarily and permanently enjoining the Defendant and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit JOB product identified in the Complaint and any other unauthorized JOB product, counterfeit, copy or colorful imitation thereof;

4. Pursuant to 15 U.S.C. § 1116(a), directing the Defendant to file with the Court and serve on the Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

5. For an order from the Court requiring that the Defendant provide complete accountings and for equitable relief, including that the Defendant disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if the Defendant had complied with their legal obligations, or as equity requires;

6. For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the Defendant's possession, which rightfully belong to the Plaintiffs;

7. Pursuant to 15 U.S.C. § 1118 requiring that the Defendant and all others acting under the Defendant's authority, at its cost, be required to deliver up to the Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the JOB Trademarks;

8. For such other and further relief as the Court may deem just and equitable.

Date: September 18, 2020

                                                           Respectfully Submitted

                                                           <u>/s/ Peter Ticktin</u>
Peter Ticktin
Fla Bar # 887935
The Ticktin Law Group
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv512@LegalBrains.com
Serv555@LegalBrains.com
Telephone: 561-232-2222
*Attorneys for the Plaintiffs*