IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Case Number:  5:20-cv-00147

REPUBLIC TECHNOLOGIES (NA), LLC
and REPUBLIC TOBACCO LP

        Plaintiffs,

v.

AWV INC. d/b/a TOBACCO STATION USA,

        Defendant.
_____/

## MOTION FOR DEFAULT FINAL JUDGMENT AGAINST THE DEFENDANT

Pursuant to Federal Rule 55(b)(2), the Plaintiffs, REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO LP, move this Court for entry of default judgment against the Defendant, AWV INC. d/b/a TOBACCO STATION USA, in this action.

### I.  PRELIMINARY STATEMENT

The Plaintiffs' action for trademark infringement and related claims was commenced with the Plaintiffs' Complaint.  The Defendant was served with a copy of the Complaint and Summons but failed to file an answer or otherwise defend themselves in this litigation.

Federal Rule of Civil Procedure 55(a) authorizes a court to enter a default judgment against a properly served defendant, who failed to file a timely responsive pleading. Entry of a default judgment is completely within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant

fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073, 94 S. Ct. 587, 38 L. Ed. 2d 479 (1973).

"A defaulting defendant is deemed to admit all well-pleaded facts in the plaintiff's complaint, but not facts that are not well pled or conclusions of law." *Joe Hand Promotions v. Mickey's Sports Bar & Grill, LLC*, 2018 U.S. Dist. LEXIS 102301 (N.D. Tex., June 19, 2018) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

As a result of Defendant's failure to appear in this litigation and the subsequent entry of default against them, the material factual allegations set forth in Plaintiffs' Complaint must be accepted as true. The Plaintiffs now request that this Court enter the attached proposed Default Judgment and Order.

The allegations in the Plaintiffs' Complaint establish the necessary elements for: (i) willful trademark infringement of the JOB Trademarks in violation of 15 U.S.C. §§ 1114; and (ii) willful false association (unfair competition) in violation of 15 U.S.C. § 1125(a).

On the facts presented, it is also appropriate for the Court to grant the Plaintiffs all relief requested in this Motion, namely:

   a. Statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) in the amount of $200,000.00 per counterfeit mark; and

   b. Costs in the amount of $769.27.

In sum, the Plaintiffs seek an award of statutory damages for Defendant's willful counterfeiting conduct and an award of Plaintiffs' costs.

## II.  STATEMENT OF FACT

REPUBLIC TECHNOLOGIES (NA), LLC owns numerous federal trademark registrations

for use in connection with JOB-brand cigarette rolling papers, including the following federal trademark registrations:

a. U.S. Trademark Registration Number 0,073,124 for the word mark "JOB" in association with goods further identified in registration in international class 034 for cigarette papers.

b. U.S. Trademark Registration Number 1,341,384 for the design plus word mark "JOB" and its logo pictured below in association with goods further identified in the registration in international classes 034 for cigarette papers.



c. U.S. Trademark Registration Number 4,019,091 for the design plus word mark "JOB" and its logo pictured below in association with goods further identified in the registration in international classes 034 for cigarette papers.



d. U.S. Trademark Registration Number 4,019,093 for the design plus word mark "JOB" and its logo pictured below in association with goods further identified in the registration in international classes 034 for cigarette papers.



REPUBLIC TOBACCO, LP is the owner of U.S. Trademark Registration Number 3,093,272 for the word mark "ROLL WITH THE BEST" in association with goods further identified in registration in international class 034 for cigarette papers. (All of the trademarks

referenced in this case shall be referred to collectively as the "JOB Trademarks"). The JOB Trademarks have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

REPUBLIC TECHNOLOGIES (NA), LLC and its predecessors have used the JOB Trademarks continuously for over 150 years in connection with cigarette rolling papers. ¶ 16. The JOB Trademarks have never been abandoned. ¶ 14.

REPUBLIC TOBACCO LP, in the past five years, has sold tens of millions of dollars' worth of smoking tobacco and cigarette rolling papers under the marks it licenses and owns, including the JOB Trademarks. ¶ 17.

The Defendant has, without consent of the Plaintiffs, previously offered to sell and sold into the United States commerce, cigarette papers bearing reproductions, counterfeits, copies and/or colorable imitations of the JOB Trademarks that were not made or authorized by the Plaintiffs. ¶¶ 24, 27.

The marks affixed to the counterfeit goods that the Defendant has offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the JOB Trademarks. The marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d). ¶ 26. The Defendant's unauthorized offer for sale of counterfeit goods bearing the registered JOB Trademarks is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant, with the Plaintiffs or the JOB Trademarks. ¶¶ 37, 47.

The offer(s) for sale by the Defendant of the counterfeit goods bearing the Plaintiffs' JOB trademarks has caused the Plaintiffs to suffer losses and has caused damage to the goodwill and reputation associated with the JOB trademarks, which are owned by the Plaintiffs. ¶ 32.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

### IV. ARGUMENT

    a. <u>The Defendant is liable for trademark infringement and false designation of origin.</u>

Based on the allegations in the Complaint, the Plaintiffs have established that the Defendant has committed willful trademark infringement in violation of 15 U.S.C. § 1114 and willful false association in violation of 15 U.S.C. § 1125(a).

To prevail on a trademark infringement claim under 15 U.S.C. § 1114, a plaintiff must first "establish ownership in a legally protectible mark, and second ... show infringement by demonstrating a likelihood of confusion." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010) (quoting *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008). The test is the same for a plaintiff to prevail on a false designation of origin claim under 15 U.S.C. § 1125(a). *See Phoenix Entm't Partners, LLC v. Liquid Monkey Lounge, Inc.*, 2015 U.S. Dist. LEXIS 182067 ("[T]he same tests apply to both trademarks and trade dress to determine whether they are protectable and whether they have been infringed").

As established in the Plaintiffs' Complaint, the Plaintiffs own and have a commercial interest in the federally registered JOB Trademarks. This satisfies the first prong of the test because "a mark registered . . . and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark." *Phoenix Entm't Partners*, 2015 U.S. Dist. LEXIS 182067 at *9 (quoting 15 U.S.C. § 1115(a)).

5

In assessing likelihood of confusion, the Fifth Circuit examines eight nonexhaustive digits of confusion:

> (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, (7) any evidence of actual confusion, and (8) the degree of care exercised by potential purchasers.

*Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 453 (5th Cir. 2017) (internal citations removed). "These digits are flexible: They do not apply mechanically to every case and can serve only as guides, not as an exact calculus." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004).

As established in the Plaintiffs' Complaint, the Defendant willfully used a spurious mark which is identical with, or substantially indistinguishable from, the Plaintiffs' registered JOB Trademarks with the intent of causing confusion, mistake, or deception as to the affiliation, connection, or association.

"If a mark was adopted with the intent to confuse the public, that alone may be sufficient to justify an inference of a likelihood of confusion." *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 204 (5th Cir. 1998).

The Plaintiffs' Complaint sufficiently plead that the Defendant's offer for sale of counterfeit goods bearing the Plaintiffs' registered JOB Trademarks was done with the intent of confuse the public therefore satisfying the second prong of the test.

For the foregoing reasons, the Defendant is liable for trademark infringement and false designation of origin. The Plaintiffs are entitled to default judgment on their claims against the Defendant.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

b. <u>The Plaintiffs are entitled to statutory damages.</u>

Due to the Defendant's refusal to cooperate in this litigation, as indicated through the failure to obtain counsel and engage in the litigation, it is not possible for the Plaintiffs to establish exact damages with certainty. Therefore, the Plaintiffs have elected to seek statutory damages for their Lanham Act claims.

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, the Lanham Act provides that at any time before final judgment is rendered a plaintiff may elect an award of statutory damages ranging from $1,000 to $200,000 for each mark infringed. 15 U.S.C. § 1117(c)(1). Further, if the Court finds that the use of the counterfeit mark was willful, then the Court may impose damages up to $2,000,000 per counterfeit mark per type of goods sold. 15 U.S.C. § 1117(c)(2).

The Plaintiffs plead that the Defendant has willfully infringed five (5) registered JOB Trademarks through their offer of sale of counterfeit cigarette papers.

In determining statutory damages for trademark infringement, courts generally look to the following factors relevant for statutory damages in copyright infringement cases:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Coach, Inc. v. Brightside Boutique*, No. 1:11-CA-20-LY, 2012 U.S. Dist. LEXIS 1464, 2012 WL 32941, at *5 (W.D. Tex. Jan. 6, 2012).

With respect to the first two factors for determining statutory damages in trademark

infringement cases, the Court here is unable to analyze these factors here due to the Defendant's failure to appear. Accordingly, due to the Defendant's failure to appear, it is impossible to determine the extent of the Defendant's infringement. However, the Plaintiffs have suffered significant losses as a result of the inability to control the quality of the counterfeit cigarette rolling papers purporting to be JOB brand products sold by Defendant. (Lele Aff. ¶¶ 26-29.) In an effort to protect their JOB Trademarks, which the Plaintiffs have spent millions of dollars advertising and promoting, the Plaintiffs have invested in anti-counterfeiting programs. (Lele Aff. ¶¶ 14). As such, factors one and two weigh in favor of the Plaintiffs' request for an increased statutory damages award.

The third factor, value of the trademark, also weighs in the Plaintiffs' favor. As pled in their Complaint, the JOB Trademarks have been used continuously for over 150 years in connection with cigarette rolling papers. The Plaintiffs have developed significant goodwill associated with their JOB branded cigarette papers. As such, each of the JOB Trademarks is of great value to the Plaintiffs' business.

The fourth and fifth factors weigh in the Plaintiffs' favor as shown by the well pled facts of the Plaintiffs' Complaint. The fourth factor, deterrent effect on others, weighs in the Plaintiffs' favor because, as the Plaintiffs' pled in their Complaint, that the market is saturated with counterfeit JOB branded products. Therefore, the Defendant is not the only one who needs to be deterred from infringing on the Plaintiffs' trademark rights. Additionally, the Plaintiffs' pled that the Defendant willfully infringed the Plaintiffs' trademarks with the intent of trading on the goodwill and reputation of the JOB Trademarks. Therefore, the fifth factor also weighs in the Plaintiffs' favor.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

The remaining factor, the sixth factor, defendant's cooperation, weighs in the Plaintiffs' favor of an increased award as evidenced by the Defendant's refusal to participate in this litigation. Similarly, the seventh factor, potential for discouraging the defendant, weighs in the Plaintiffs' favor in order to discourage the Defendant from continuing to violate the Plaintiffs' trademark rights.

The Plaintiffs respectfully request that the Court enter a default judgment against Defendant in the amount of $1,000,000 ($200,000 per counterfeit mark) for trademark infringement and false association in violation of the Lanham Act and enter a permanent injunction as authorized by the Lanham Act. This amount is wholly justified under the facts at hand and is an appropriate measure of the relief to which Plaintiffs should be entitled.

    c. <u>The Plaintiffs are entitled to costs of the litigation</u>.

Pursuant to 15 U.S.C. § 1117, the Plaintiffs are entitled to recover the costs of the action. *See* 15 U.S.C. § 1117. Plaintiff requests the Court award costs in the total amount of $769.27 consisting of the filing fee ($400.00), the process server fee ($280.00), Plaintiffs' investigation fees ($80.87), and miscellaneous postage fees ($8.40). *See* Aff. Supp. Final Default J. ¶ 6.

    d. <u>The Plaintiffs are entitled to injunctive relief</u>.

The Plaintiffs are entitled to injunctive relief for the Defendant's counterfeiting activities and infringement of the Plaintiffs' JOB Trademarks.

For a permanent injunction for Section 1116(a) trademark infringement, a party must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the

9

public interest would not be disserved by a permanent injunction." *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 714 (S.D. Tex. 2013) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)).

For the purposes of granting an injunction, the Fifth Circuit has held that showing success on the merits meets the irreparable injury requirement and satisfies factor one. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013). The Plaintiffs have demonstrated above that through the Defendant's default the Defendant is liable for trademark infringement and false association. Therefore, the Plaintiffs have shown success on the merits and irreparable injury.

Defendant's unauthorized use of the JOB Trademarks on the counterfeit products sold by Defendant has caused immediate and irreparable harm to Plaintiffs as the Plaintiffs have no control over the quality of the goods sold by Defendant bearing the JOB Trademarks. This lack of control coupled with the lost sales of Plaintiffs and lessened consumer confidence in legitimate products bearing the JOB Trademarks renders monetary damages insufficient and inadequate to protect Plaintiffs and their JOB Trademarks. *See S & H Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 2013 WL 1131077, at *8 (N.D. Tex. 2013).

A remedy in equity is warranted and the Defendant would not suffer hardship because an injunction would merely require the Defendant to cease infringement.

A permanent injunction that prevents consumer confusion would not disserve the public interest because it would further compliance with federal law and protect the public from unauthorized counterfeits. *See Hawkins Pro-Cuts, Inc. v. DJT Hair, Inc.*, CA 3-96-CV1728R, 1997 U.S. Dist. LEXIS 22418, 1997 WL 446458, at *8 (N.D. Tex. July 25, 1997) (holding that

an injunction that would ensure compliance with both state and federal laws has no adverse effect on public interest).

Accordingly, the Plaintiffs are entitled to an injunction enjoining the Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, from using the Plaintiffs' JOB Trademarks, including U.S. Trademark Registration Numbers 0073124; 1341384; 4019091; 4019093; 3093272; and any other confusingly similar marks

## V. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b).

Date: April 22, 2021

          Respectfully Submitted,

          /s/ Peter Ticktin
          Peter Ticktin
          Fla Bar # 887935
          The Ticktin Law Group
          270 SW Natura Avenue
          Deerfield Beach, Florida 33441
          Serv512@LegalBrains.com
          Serv555@LegalBrains.com
          Telephone: 561-232-2222
          *Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed April 22, 2021, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties.

/s/ Peter Ticktin
Peter Ticktin

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757